Porfirio O. **BELLIARD,** Plaintiff,

v.

The **ROYAL BANK OF SCOTLAND PLC,** Defendant.

No. 00 CIV. 1502.

United States District Court,
S.D. New York.

Feb. 25, 2003.

Porfirio O. Belliard, North Bergen, NJ, pro se.

Peter J. Schmerge, Bleakley, Platt & Schmidt, L.L.P., White Plains, NY, for defendant.

### *DECISION AND ORDER*

MARRERO, District Judge.

By Order of Magistrate Judge Douglas F. Eaton dated January 9, 2002, the deadline for all discovery in this matter expired on May 15, 2002. Subsequently, after several unsuccessful attempts by this Court to sched-

ule a final pretrial conference, the Court, during a telephone conference held on September 27, 2002, established a deadline of November 12, 2002 for the parties' filing of a joint pretrial order. That deadline having passed without such submission by reason of plaintiff's failure to respond, the Court, by Order dated December 9, 2002, directed that in the event the joint pretrial order was not filed with the Court by December 14, 2002, the Court would consider dismissal of the action for failure to prosecute. No filing or any other communication has been received by the Court in response to these Orders.

The Court notes that plaintiff's unresponsiveness described above is one among numerous other instances during the course of this litigation that plaintiff has exhibited less than due diligence and timely responsiveness in the prosecution of this action. Specifically, there have been numerous instances in which plaintiff missed filing deadlines or inexcusably did not appear at status conferences with the Court. For example, this action was originally filed on February 28, 2000 and plaintiff, then *pro se,* requested permission to proceed in forma pauperis ("IFP"). He was directed by then Chief Judge Griesa to proceed to file an IFP application within 30 days or face dismissal of the complaint.

In June 2000 the action was reassigned to this Court and a notice of reassignment was forwarded to plaintiff along with a copy of the Court's individual practices. By September 15, 2000 plaintiff still had not filed the IFP application. The Court then directed that the complaint be dismissed in accordance with Judge Greisa's February 28, 2000 Order. At plaintiff's request, the Court later granted reconsideration and reopened the case.

Ultimately, a Case Management Plan was approved by the Court with a fact discovery deadline of July 31, 2001. This deadline was later extended several times, in part because plaintiff failed to appear at his deposition. On November 27, 2001, defendant moved pursuant to Fed.R.Civ.P. 37(b)(2)(C) to dismiss the action due to plaintiff's failure to appear for his deposition on four different occasions. Upon an appearance by counsel

for plaintiff, the Court held the Rule 37 motion in abeyance and once again extended the discovery deadline to December 31, 2001.

The case was then referred to Magistrate Judge Eaton for general pretrial supervision and he authorized another extension of the discovery deadline to May 15, 2002. The Court has no indication that in fact all discovery was ever concluded by that date. Plaintiff's counsel, without adequate explanation, did not appear at the status conference the Court scheduled for September 26, 2002.

Under these circumstances, the Court concludes that dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) is appropriate. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Spencer v. Doe,* 139 F.3d 107, 112 (2d Cir.1998) ("Although not explicitly authorized by [Rule 41(b)] dismissal may be made *sua sponte*").

In *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 222 F.3d 52, 63 (2d Cir.2000), the Second Circuit articulated the considerations by which a dismissal for failure to prosecute is to be reviewed: (1) the duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether the Court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

The Court has weighed these factors in concluding that dismissal is warranted in the instant case in light of the longstanding and repeated failures by plaintiff to diligently prosecute the case in violation of Court orders and in the face of knowledge of the potential consequences. As detailed above, in response to prior instances reflecting plaintiff's noncompliance with Court orders and lack of diligence, the Court reopened the

case following an earlier dismissal of the complaint. Rather than dismissing the action again upon plaintiff's failure to appear at his deposition, the Court extended the discovery deadline and allowed plaintiff further opportunities for compliance. These efforts to accommodate plaintiff and adopt less severe measures for his unwarranted delays and lax prosecution of the action did not produce commensurate results in plaintiff's conduct of the litigation. Accordingly, it is hereby

**ORDERED** that this action is dismissed pursuant to Fed.R.Civ.P. 41(b) on account of plaintiff's failure to prosecute.

The Clerk of Court is directed to close this case.

**SO ORDERED.**