**Louis John CONTI, Plaintiff–Appellant,**

v.

**TOWN OF WARWICK ZONING BOARD, Robert F. Fink, Jan Jansen, Louis Poloniak, Mike Siricia, John B. Bates, John Bollenback, Marion Siricia, Mark Malocsay, Diane Bramich, Norman Paulson, Vincent Leone, Thomas Althoff, and Tony Houston, Defendants–Appellees.**

No. 02–7959.

United States Court of Appeals, Second Circuit.

Nov. 17, 2003.

Annette G. Hasapidis, South Salem, NY., for Appellant.

Cynthia Dolan, Boeggeman, George, Hodges & Corde, P.C., White Plains, NY., for Appellee.

PRESENT: CARDAMONE, SOTOMAYOR, and KATZMANN, Circuit Judges.

*SUMMARY ORDER*

 Plaintiff-appellant Louis Conti ("Conti") appeals from a judgment of the United States District Court for the Southern District of New York (Brieant, *J.*) dismissing Conti's constitutional challenge to Warwick's zoning ordinance with prejudice for failure to prosecute, after Conti missed one case management conference scheduled for June 28, 2002. Conti, who below appeared *pro se*, argues that the district court abused its discretion in dismissing his case when he had sent a letter to opposing counsel requesting postponement,[1] and had been given no warning that a failure to attend the conference would result in dismissal.[2] In light of the lenient application of Fed R. Civ. P. 41(b) that

should be afforded to *pro se* litigants, we agree.

 Dismissals for failure to prosecute under Rule 41(b) are reviewed for abuse of discretion, but we have held that less deference is afforded a district court's decision to dismiss when litigants appear on their own behalf. *See Spencer v. Doe,* 139 F.3d 107, 112 (2d Cir.1998) (" '[D]eference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme.' ") (quoting *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996)). We have also recognized that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations." *Theilmann v. Rutland Hospital, Inc.,* 455 F.2d 853, 855 (2d Cir. 1972) (per curiam).

Although no one factor is determinative, we have identified five factors that should guide district courts in deciding whether dismissal under Rule 41(b) is appropriate: 1) the duration of the plaintiff's noncompliance; 2) whether the plaintiff was on notice that dismissal could result from this noncompliance; 3) the amount of prejudice caused to the defendant by further delay; 4) a balancing of the court's interest in managing its docket against the plaintiff's interest in having an opportunity to be heard; and 5) whether a less drastic sanc-

---

1. Conti represents on appeal that he attempted to notify not only opposing counsel but also the district court of his desire to postpone the June 28 case management conference. The only document to that effect in the record, however, is a letter addressed to opposing counsel, dated June 26, 2002. Even assuming Conti did not notify the district court prior to the conference, we find that his case should not have been dismissed.

2. Conti also argues that certain documents submitted on appeal as part of defendants-appellees' Supplemental Appendix—including an outdated scheduling order and copies of correspondence sent to Conti by opposing

counsel—should not have been included because they are not part of the record below or are outside the scope of the parties' court-approved stipulation as to the contents of the Supplemental Appendix. *See* Fed. R.App. P. 30. Conti suggests that defendants-appellees inserted these materials in the Supplemental Appendix in order to give the impression that Conti had been derelict in responding to discovery requests. Because these materials did not form the basis for the district court's decision to dismiss, they are not pertinent to the issue before us. We agree that they should not have been submitted on appeal, and do not consider them.

tion is available. *See Jackson v. City of New York*, 22 F.3d 71, 74–76 (2d Cir.1994). "While we do not ... require the court to discuss the factors on the record, a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning." *Lucas*, 84 F.3d at 535.

The district court here dismissed Conti's case after waiting in vain for Conti to appear at the scheduled conference, promptly finding that he "knowingly and willfully failed to attend without having obtained adjournment." Responding to Conti's subsequent motion for reconsideration, the district court commented that "chaos would result" were it to tolerate litigants' unilateral decisions not to attend court-ordered conferences. Although the district court's frustration is understandable, especially given that the date of the case management conference had been reset at Conti's request, we nevertheless find that, in light of the factors that ought to have been considered, the dismissal was an abuse of discretion.

Conti, appearing *pro se*, missed only one conference. Prior to his failure to appear, he was not warned that, by failing to appear, he risked having his case dismissed. *See Lucas*, 84 F.3d at 535 (stating "it is difficult to imagine" circumstances in which dismissal following plaintiff's failure to comply after a warning would be an abuse of discretion). Furthermore, he made some—albeit late—effort to inform opposing counsel that he, however mistakenly, believed it was not in his best interests to proceed with the conference until he received rulings on his outstanding motions. Although surely inconvenienced, defendants-appellees submitted no evidence to the district court demonstrating that their case was prejudiced by Conti's failure to appear. Nor does it appear that the district court considered any less dras-

tic sanction. Even if Conti's reasons for missing the conference were misguided, dismissal in these circumstances was not warranted.

The judgment of the district court is VACATED and the case REMANDED.