**Keith HARDING, Plaintiff–Appellant,**

v.

**Glenn S. GOORD, Commissioner of the New York State Department of Correctional Services, et al. Defendants–Appellees.**

**No. 04–1907–PR.**

United States Court of Appeals, Second Circuit.

June 22, 2005.

Keith Harding, St. Albans, NY., for Appellant, pro se.

Richard Dearing, Assistant Solicitor General (Elliot Spitzer, Attorney General for or the State of New York, Michael S. Belohlavek, Deputy Solicitor General, on the brief), New York, NY., for Appellee.

Present: WALKER, Chief Judge, HALL, and GIBSON,* Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Keith Harding appeals from the October 3, 2003, judgment of the district court dismissing Harding's complaint filed, pursuant to 42 U.S.C. § 1983, against defendant-appellees, various medical staff and prison officials at two state prisons. Harding's complaint was dismissed pursuant to Fed.R.Civ.P. 41(b) after he repeatedly failed to comply with discovery demands and court orders.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss a claim if a plaintiff fails to prosecute his claims or fails to comply with a court's order. Although not explicitly authorized by Rule 41(b), a court may dismiss a claim for failure to prosecute *sua sponte*. *See Spencer v. Doe,* 139 F.3d 107, 112 (2d Cir.1998). We review an appeal from a district court's Rule 41(b) dismissal for abuse of discretion. *See Finley v. Parvin/Dohrmann Co.,* 520 F.2d 386, 390 (2d Cir.1975); *see also Romandette v. Weetabix Co.,* 807 F.2d 309, 312 (2d Cir.1986). In the context of Rule 41(b), "discretion is abused only where no reasonable man would take the view adopted by the trial court." *Finley,* 520 F.2d at 390. Furthermore, the district court's findings of fact underlying such sanctions are accepted as true, unless clearly erroneous. *Cf. Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522 (2d Cir.1990) (noting the standard of review in the context of case-dispositive sanctions under Fed.R.Civ.P. 37).

An independent review of the record and relevant case law reveals no errors in the district court's decision. Harding repeatedly refused to show up for scheduled depositions, comply with discovery requests, or explain his dilatory behavior. The magistrate judge threatened him with other sanctions, including cost-shifting for

---

* The Honorable John R. Gibson, Senior Circuit Judge of the Court of Appeals for the Eighth Circuit, sitting by designation.

the missed depositions, but Harding did not respond. The magistrate judge also warned Harding that his failure to respond to the court's orders would result in dismissal of his case, and still he did not respond to the orders or comply with discovery requests. Harding's arguments on appeal that the numerous delays were due to his physical condition and, later, due to his arrest on parole violations are simply unpersuasive. Based on the foregoing, we conclude that the district court acted within its discretion in dismissing Harding's complaint for failure to comply with court orders.

Accordingly, the judgment of the district court is hereby **AFFIRMED.**