Hal BENTHAM, Plaintiff–Appellant,

v.

THE CITY OF NEW YORK and P.O. Richard Roohan, Shield # 4197, individually and in his official capacity, Defendants–Appellees.

No. 05–0089.

United States Court of Appeals, Second Circuit.

Oct. 3, 2005.

Hal Bentham, pro se, Brooklyn, New York, for Plaintiff–Appellant.

Alan Beckhoff, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel, The City of New York Law Department) New York, New York, for Defendants–Appellees.

Present: HON. ROGER J. MINER, HON. RICHARD C. WESLEY, Circuit Judges, and HON. JED S. RAKOFF,

District Judge.[1]

## SUMMARY ORDER

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Plaintiff-appellant Hal Bentham appeals from the January 20, 2004, order of the district court dismissing his complaint. *Bentham v. City of New York, et al.*, 99–8287 (E.D.N.Y. Jan. 25, 2004). Bentham's complaint, filed pursuant to 42 U.S.C. §§ 1983 and 1988 and various provisions of New York state law, alleged, *inter alia,* false arrest and malicious prosecution on the part of defendants, the City of New York and police officer Roohan. The district court dismissed Bentham's complaint, pursuant to Fed.R.Civ.P. 41(b), due to Bentham's repeated failure to obey numerous court orders requiring release of a transcript of the state criminal proceedings that form the basis of his civil claims.

We review a Rule 41(b) dismissal for abuse of discretion. *See Phillips v. Girdich,* 408 F.3d 124, 129 (2d Cir.2005). While dismissal under that Rule is appropriate where "plaintiff [fails] to prosecute or to comply with . . . any order of court," Fed.R.Civ.P. 41(b), dismissal is also "a harsh remedy to be utilized only in extreme situations." *Theilmann v. Rutland Hospital, Inc.,* 455 F.2d 853, 855 (2d Cir. 1972) (per curiam). Furthermore, special leniency is generally given to *pro se* plaintiffs where the deficiencies are procedural. *See Spencer v. Doe,* 139 F.3d 107, 112 (2d Cir.1998). However, the deficiencies are not purely procedural in this case.

A searching review of the record and relevant case law convinces us that the district court did not abuse its discretion. Upon defendants' motion to dismiss, the district judge referred consideration of the matter to the magistrate judge, who issued a thorough and thoughtful "Report and Recommendation." The magistrate made many findings, two of which are of particular importance to this appeal. First, the report detailed Bentham's repeated refusals to obey prior discovery orders. Second, the magistrate noted that the court repeatedly warned Bentham that failure to comply with the orders would result in dismissal of his action. Applying the five-factor test articulated by this court in *Alvarez v. Simmons Market Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988), the magistrate recommended dismissal with prejudice under Rule 41(b). On January 20, 2004, the district court issued an order adopting the magistrate's report in full and dismissing Bentham's claims.

Bentham's arguments to this Court in opposition to the dismissal are without merit.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

---

1. The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.