SUMMARY ORDER

Plaintiff-Appellant James J. Dunn, pro se, appeals from the February 16, 2006 judgment of the United States District Court for the Northern District of New York (Kahn, J.) dismissing his complaint and the January 3, 2007, 2007 WL 37567, order of the district court denying Dunn’s motion for reconsideration. We assume the parties’ familiarity with the underlying facts and the procedural history of the ease.
Although this Court reviews a district court’s Rule 41(b) dismissal for abuse of discretion, see Spencer v. Doe, 139 F.3d 107, 112 (2d Cir.1998), we have advised that a district court “should be especially hesitant” to dismiss a pro se litigant’s complaint for procedural deficiencies and that “deference is due to the district court’s decision to dismiss a pro se litigant’s complaint only when the circumstances are sufficiently extreme.” Lucas v. Miles, 84 F.3d 532, 535 (2d Cir.1996). In reviewing a Rule 41(b) dismissal, this Court considers: 1) the duration of the plaintiffs delay; 2) whether the plaintiff was on notice that further delay would result in dismissal; 3) whether the defendant was likely to be prejudiced by further delay; 4) the district court’s interest in managing its docket balanced with the plaintiffs interest in receiving a fair chance to be heard; and 5) whether the district court considered a sanction less drastic than dismissal. U.S. ex. rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir.2004). We review the denial of a motion for reconsideration for abuse of discretion. Harris v. Kuhlmann, 346 F.3d 330, 357 (2d Cir.2003).
In this case, the record does not support the district court’s finding that Dunn failed to prosecute the action or comply with its order. Dunn submitted evidence with his motion for reconsideration supporting his assertion that he timely mailed his amended complaint to the district court and that it was received by the court within the time frame set forth in the court’s order. Because Dunn presented evidence that the court received his amended complaint but failed to file it, the district court’s dismissal was an abuse of discretion. See Spencer, 139 F.3d at 113 (concluding district court abused its discretion where litigant did not clearly fail to comply with court’s order).
Consideration of the other factors also indicates that the dismissal of Dunn’s complaint was unwarranted. Although Dunn was warned that his complaint could be dismissed if he failed to timely file the amended complaint, he apparently thought that he had complied with the court’s order. See id. (finding second factor did not weigh against litigant where he “reasonably believed that he had complied with the order and that the threatened sanction had been averted”). There is no indication that the defendant Gary Schultz was prejudiced by any delay; the district court did not find any such prejudice. See Lucas, 84 F.3d at 535 (finding this factor weighed in plaintiffs favor where there was no evi *393 dence that delay in filing supplemental complaint had prejudiced the defendants).
As to the fourth factor, this Court has said that, in balancing the court’s calendar with the plaintiffs right to be heard, there must be “compelling evidence of an extreme effect on court congestion before a litigant’s right to be heard is subrogated to the convenience of the court.” See id. at 535-36. No such evidence is present here. The record does not reflect that the district court balanced its interest in managing its docket against Dunn’s interest in being heard. Finally, Dunn had not been previously sanctioned by the court and there is no indication that the court considered a lesser sanction. See Jackson v. City of New York, 22 F.3d 71, 76 (2d Cir.1994) (finding this factor weighed in litigant’s favor where court had not previously sanctioned either party and did not consider a less drastic sanction). For the foregoing reasons, the judgment of the district court is hereby VACATED, and the case is remanded for further proceedings.