11-1979-cv
Cunningham v. St. Bonaventure University

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of August, two thousand twelve.

PRESENT:

      JOSÉ A. CABRANES,
      PETER W. HALL,
      RAYMOND J. LOHIER, JR.
              *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARY F. CUNNINGHAM,

        *Plaintiff-Appellant*,

     v.                                    11-1979-cv

ST. BONAVENTURE UNIVERSITY, and its
FRANCISCAN INSTITUTE,

        *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLANT:        Mary F. Cunningham, *pro se*, Rockford, Illinois.

FOR APPELLEES:        Melinda G. Disare (Jaeckle Fleischmann & Mugel LLP), Buffalo, New York.

1

Appeal from an April 8, 2011 judgment of the United States District Court for the Western District of New York (John T. Curtin, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Mary F. Cunningham, proceeding *pro se*, appeals from the District Court's dismissal of her employment discrimination action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to her failure to prosecute.[1]  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[2]

We review a district court's dismissal for failure to prosecute pursuant to Rule 41(b) for abuse of discretion in light of the record as a whole.  *See Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining that the term of art "abuse of discretion" includes errors of law).  Although review for abuse of discretion "suggests great deference," we have recognized that a Rule 41(b) dismissal is a "harsh remedy [that] is appropriate only in extreme situations," and that district courts therefore "should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a *pro se* litigant."  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

We consider five factors in reviewing a Rule 41(b) dismissal: whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) [the] plaintiff was given notice that further delay would result in dismissal; (3) [the] defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity

---

[1] Rule 41(b) permits a district court to dismiss an action "[i]f the plaintiff fails to prosecute or comply with . . . a court order."  Fed. R. Civ. P. 41(b).

[2] Cunningham appears to raise several claims for the first time on appeal, including her argument that the District Court should have overridden the express desire of both parties to put the case to a jury and instead referred the case to mediation.  "It is the general rule . . . that a federal appellate court does not consider [in the first instance] an issue not passed upon below."  *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976); *see also Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005).  Consequently, we decline to review these claims.

2

for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).  While a district court is not required to expressly discuss these factors on the record, "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning."  *Lucas*, 84 F.3d at 535.  In examining the above factors, no single factor is generally dispositive.  *See Drake*, 375 F.3d at 254.

Having considered the record and the parties' arguments on appeal, we conclude, for substantially the reasons articulated by the District Court in its decision and order of April 7, 2011, that the Court did not abuse its discretion by dismissing Cunningham's complaint for failure to prosecute.

## CONCLUSION

We have considered Cunningham's remaining arguments on appeal and find them to be without merit.

We affirm the judgment of the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

3