11-3054
Yadav v. Brookhaven Nat'l Lab.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of November, two thousand twelve.

PRESENT:
> Amalya L. Kearse,
> Robert A. Katzmann,
> > *Circuit Judges*,
> John Gleeson,[*]
> > *District Judge.*

_____

RAJESHWAR SINGH YADAV,

> *Plaintiff-Appellant*,

> v.                                                          11-3054

BROOKHAVEN NATIONAL LABORATORY, BROOKHAVEN SCIENCE ASSOCIATES, MICHAEL HOLLAND, in his individual and official capacity, SAMUEL ARONSON, Doctor, in his individual and official capacity, MICHAEL BEBON, in his individual and official capacity, LENNY BATES, in his individual and official capacity, EDWARD MURPHY, in his individual and official capacity, THOMAS TIMKO, in his

_____

[*]Judge John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

individual and official capacity, JOHN DINICOLA, in his individual and official capacity, GARRY OLSON, in his individual and official capacity, SUSAN FOSTER, in her individual and official capacity, MICHAEL GOLDMAN, in his individual and official capacity,

*Defendants-Appellees.*

_____

For Plaintiff-Appellant:      Rajeshwar Singh Yadav, *pro se*, Princeton Junction, NJ.

For Defendant-Appellee
Michael Holland:      Vincent Lipari, Assistant United States Attorney, Eastern District of New York, Central Islip, NY.

For Defendants-Appellees
other than Michael Holland:   Daniel Rizzi, Nixon Peabody, LLP, Jericho, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Rajeshwar Singh Yadav, proceeding *pro se*, appeals from the dismissal of his employment discrimination complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review a district court's dismissal for failure to prosecute pursuant to Rule 41(b) for abuse of discretion; however, when a *pro se* litigant is involved, we must review the record particularly carefully to ensure that dismissal was warranted. *See Spencer v. Doe*,

2

139 F.3d 107, 112 (2d Cir. 1998). In reviewing a Rule 41(b) dismissal, this Court considers five non-exclusive factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *See id.*

Although *pro se* litigants must be afforded a certain amount of latitude, they are still required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008). Here, the district court considered all five relevant factors and did not abuse its discretion by dismissing Mr. Yadav's case pursuant to Rule 41(b). Over the course of three months, Mr. Yadav failed to properly respond to the defendants' first set of discovery requests despite repeated prompting by the defendants, the district judge, and the magistrate judge. For example, although Mr. Yadav answered many of the defendants' interrogatories, he repeatedly failed to answer the request central to the case: the identity of the individuals who made allegedly discriminatory statements and the content of those statements. He also repeatedly neglected to fully identify which of the thousands of documents he produced corresponded to which of the defendants' document requests. Although Mr. Yadav's dilatory conduct extended for only three months, we have noted that a delay of a "matter of months" can potentially warrant dismissal. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Moreover, the district court gave Mr. Yadav ample notice—no less

3

than three verbal warnings—of its intent to dismiss Mr. Yadav's action if he failed to fulfill his discovery obligations and follow the magistrate judge's discovery order. Mr. Yadav offered no explanation or justification for his refusal to comply with the court's orders.

In light of Mr. Yadav's continued failure to meet his discovery obligations and the burden imposed on the district court by the discovery problems caused by the plaintiff, the district court did not err in concluding that its need to manage its docket outweighed Mr. Yadav's interests in continuing his case. Additionally, the defendants were prejudiced by having to expend unnecessary time and resources in attempting to secure responses to their discovery requests, some of which they never received. Lastly, based on Mr. Yadav's continued disregard for the district court's orders, the district court properly found that no less drastic sanctions, short of dismissal, would be effective. We have considered all of Mr. Yadav's remaining arguments and find them to be without merit.[1] Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] On appeal, Mr. Yadav appears to argue that the district court erred by setting aside the entry of default against defendant Michael Holland. Mr. Yadav's notice of appeal only explicitly mentions the district court's June 10, 2011, judgment dismissing the remainder of his case under Rule 41(b); however, in the interests of judicial economy, we construe his notice of appeal liberally to include a challenge to the district court's decision vis-a-vis Mr. Holland as well. We find that the district court did not abuse its discretion in setting aside the entry of default against Mr. Holland (an employee of the United States Department of Energy) given that Mr. Yadav failed to properly serve the United States as required by Fed. R. Civ. P. 4(i).