11-4818-cv
*Reeder v. Hogan*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand thirteen.

PRESENT:
  JOSÉ A. CABRANES,
  DEBRA ANN LIVINGSTON,
          *Circuit Judges*,
  JESSE M. FURMAN,
          *District Judge*.[1]

---

RASZELL REEDER,

  *Plaintiff-Appellant,*

          v.                                                 No. 11-4818-cv

MICHAEL HOGAN, OMH COMMISSIONER, ET AL.,

  *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**          Raszell Reeder, *pro se*, Malone, NY.

**FOR DEFENDANTS-APPELLEES:**         Barbara D. Underwood, Solicitor General,
                                      Denise A. Hartman and Martin A. Hotvet,
                                      Assistant Solicitors General of Counsel,
                                      Albany, NY.

---

[1] The Honorable Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*; David E. Peebles, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 13, 2011 judgment of the district court is **AFFIRMED**.

Appellant Raszell Reeder, proceeding *pro se*, appeals from the October 13, 2011 judgment of the District Court dismissing his 42 U.S.C. § 1983 complaint for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### DISCUSSION

We review a district court's dismissal for failure to prosecute pursuant to Rule 41(b) for abuse of discretion in light of the record as a whole.[2] *See Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998). In reviewing a Rule 41(b) dismissal, we consider five factors, including whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). In examining these factors, no single one generally is dispositive. *See Drake*, 375 F.3d at 254.

After independently reviewing the record, we conclude that the District Court did not abuse its discretion in dismissing Reeder's complaint for failure to prosecute, substantially for the reasons stated in the well-reasoned decision of the District Court as well as the Magistrate Judge's Report and Recommendation. Indeed, the District Court properly found that Reeder submitted no evidence and made only bare assertions to support his contention that he had timely mailed his second amended complaint to the District Court.

---

[2] Reeder does not contend, nor can his appellate brief be liberally construed to suggest, that the District Court erred in dismissing either his initial complaint or his amended complaint. As such, any argument regarding those decisions is abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding, in the context of a *pro se* appeal, that issues not raised in an appellate brief are abandoned).

**CONCLUSION**

We have considered all of Reeder's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk