*Hardaway v. Agyemong*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

Lena Hardaway,

> *Plaintiff-Appellant*,

v.                                                                            13-2407

Albert Agyemong,

> *Defendant-Appellee*,

Robert Plan Corporation,

> *Defendant*.

_____

**FOR PLAINTIFF-APPELLANT:**         Lena Hardaway, *pro se*, Washington, DC

**FOR DEFENDANT-APPELLEE:**         No Appearance

Appeal from a judgment of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*; Lois Bloom, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Lena Hardaway, proceeding *pro se*, appeals from the District Court's judgment dismissing her complaint pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, Hardaway has waived review of the Magistrate Judge's Report and Recommendation by failing to object to it after being given clear notice of the consequences. *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38-39 (2d Cir. 1997) (failure to timely object to a report and recommendation "may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object"); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (notice is sufficient if it informs the litigants that the failure to timely object will result in the waiver of further judicial review). While we may excuse this default in the interests of justice, *see Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993), here, the interests of justice do not warrant excusing Hardaway's failure to object.

However, even if we were to excuse Hardaway's failure to object, we would conclude that the District Court acted within its discretion in adopting the Magistrate Judge's

recommendation of dismissal. We review a district court's dismissal for failure to prosecute pursuant to Rule 41(b) for abuse of discretion, in light of the record as a whole. *See Spencer v. Doe,* 139 F.3d 107, 112 (2d Cir. 1998). Although review for abuse of discretion "suggests great deference," we have recognized that a Rule 41(b) dismissal is a "harsh remedy [that] is appropriate only in extreme situations," and that district courts therefore "should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a *pro se* litigant." *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir. 1996).

In reviewing a Rule 41(b) dismissal, we consider whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) the plaintiff was given notice that further delay would result in dismissal; (3) the defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity to be heard in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *Lewis v. Rawson,* 564 F.3d 569, 576 (2d Cir. 2009) (quoting *United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir. 2004)). While a district court is not required to expressly discuss these factors on the record, "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning." *Lucas,* 84 F.3d at 535. Finally, in examining the above factors, no single factor is to be considered dispositive. *See Drake*, 375 F.3d at 254.

Upon an independent review of the record and relevant case law, we conclude that the District Court did not abuse its discretion by dismissing Hardaway's complaint for failure to prosecute. We therefore affirm, substantially for the reasons set forth by the Magistrate Judge in her comprehensive Report and Recommendation, which was adopted in its entirety by the District Court.

We have considered Hardaway's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk