16-3472-cv
*Digirolamo v. Sargent*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of October, two thousand seventeen.

PRESENT:   AMALYA L. KEARSE,
           JOSÉ A. CABRANES,
           RICHARD C. WESLEY,
                      *Circuit Judges.*

———————————————————————

GAYLE R. DIGIROLAMO,

       *Plaintiff-Appellant*,

YVONNE R. HASKINS,

       *Plaintiff*,

    v.                                                           16-3472-cv

RANDY L. SARGENT, DALE ROBBINS,

       *Defendants-Appellees.**

———————————————————————

**FOR PLAINTIFF-APPELLANT:**          Gayle R. Digirolamo, *pro se*, Lakewood, NY.

---

\* The Clerk is directed to amend the official caption so as to appear as shown above.

**FOR DEFENDANT-APPELLEE Robbins:**    Christopher E. Wilkins, Feldman Kieffer, LLP, Buffalo, NY.

**FOR DEFENDANT-APPELLEE Sargent:**    Randy L. Sargent, *pro se*, Jamestown, NY.

Appeal from a judgment of September 1, 2016 of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Appellant Gayle R. Digirolamo, proceeding *pro se*, appeals the District Court's judgment dismissing this action without prejudice. Digirolamo purportedly filed a complaint *pro se* in the District Court. She did not respond to a motion to dismiss and told the Court that she had not signed or filed the complaint; she said, however, that she wanted the action to proceed. The Court granted her extensions of time to oppose the motion to dismiss and warned her that failure to comply with its orders could result in dismissal. She did not file an opposition, and the court dismissed the action without prejudice. The Court reasoned that Digirolamo had not filed the complaint and had failed to comply with its orders to oppose the motion to dismiss.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Digirolamo's brief does not challenge any basis of the District Court's dismissal order. She has therefore abandoned any challenge to the Court's decision. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (*pro se* litigant abandons issue by failing to raise it in brief).

In any event, the District Court properly dismissed the complaint. Digirolamo did not sign or file the complaint; it appears instead to have been filed by a person who was not an attorney and who was therefore not permitted to represent her. *See* Fed. R. Civ. P. 11(a) (complaint must be signed "by a party personally if the party is unrepresented"); *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself.").

The Court also did not err in dismissing the complaint for Digirolamo's failure to comply with the Court's orders to file an opposition to the motion to dismiss. *See Spencer v. Doe*, 139 F.3d 107, 112-13 (2d Cir. 1998) (discussing Fed. R. Civ. P. 41(b)).

We therefore **AFFIRM** the District Court's judgment of September 1, 2016.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk