09-0961-cv
Passe v. City of New York Department of Corrections

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of May, two thousand ten.

PRESENT:
>    AMALYA L. KEARSE,
>    ROBERT D. SACK,
>    DEBRA ANN LIVINGSTON,
>         *Circuit Judges.*

_____

Ivalina Passe,

>         *Plaintiff-Appellant*,

>    v.                                          09-0961-cv

New York City Department of
Corrections,

>         *Defendant*,

City of New York,

>         *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:      Ivalina Passe, *pro se*, New York, NY.

FOR DEFENDANT-APPELLEE:       Marta Ross, Assistant Corporation

Counsel, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Korman, *J.*, Go, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Ivalina Passe, proceeding *pro se*, appeals the district court's judgment adopting the magistrate judge's recommendation and thereby granting Defendant-Appellee City of New York's motion to dismiss the action pursuant to Federal Rules of Civil Procedure 37 and 41(b) for Passe's failure to prosecute and comply with court orders. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Although this Court reviews a district court's Rule 41(b) dismissal for abuse of discretion, "deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme." *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)) (internal quotation marks omitted). In reviewing a Rule 41(b) dismissal, this Court considers: (1) the duration of the delay caused by plaintiff's failure to prosecute; (2) whether the plaintiff was on notice that further delay would result in dismissal; (3) whether the defendant was likely to be

2

prejudiced by further delay; (4) the district court's interest in managing its docket to alleviate calendar congestion, balanced against the plaintiff's right to an opportunity for a day in court; and (5) whether the district court adequately assessed the efficacy of a sanction less drastic than dismissal. *See U.S. ex. rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). A district court is not required to discuss each of these factors on the record, but its decision is more likely to be upheld if this Court has the benefit of its reasoning. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194 (2d Cir. 1999).

This Court may affirm on any basis supported by the record, even if it is not one on which the district court relied. *See Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006). This Court has adopted the rule that failure to timely object to a magistrate judge's report and recommendation "may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (holding that a Court of Appeals may adopt such a rule); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988). This rule, which applies to *pro se* as well as counseled litigants, is "a nonjurisdictional waiver provision whose violation we may excuse in the interests of justice." *Roldan v. Racette*, 984

3

F.2d 85, 89 (2d Cir. 1993). Our discretion to do so "is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). In this case, the magistrate judge's report and recommendation gave clear notice that objections were to be filed by January 23, 2009, and warned that failure to file objections waived the right to appeal.

Passe did not file her objections until March 5, 2009, well after her deadline, and indeed well after the district court had adopted the report and recommendation. Thus, she waived her right to appeal. We have examined the merits sufficiently to satisfy ourselves that none of Appellant's arguments on appeal have substantial merit, and they therefore do not warrant "excus[ing] the default in the interests of justice." *Thomas v. Arn*, 474 U.S. at 155. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4