Lamont v. Edwards

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand seventeen.

Present:
>JOHN M. WALKER, JR.,
>DEBRA ANN LIVINGSTON,
>GERARD E. LYNCH,
>>*Circuit Judges.*

_____

P. STEPHEN LAMONT, individually and as Nominee of 100% of the Capital Shares of Arumai Holdings, Inc.,

>*Plaintiff-Appellant*,

>v.                                                                          16-1714

ANN EDWARDS, in her individual and official capacity, et al.,

>*Defendants-Appellees*,

FRANK R. ALVAREZ, in his individual and official capacity, et al.,

>*Defendants.*

_____

1

For Plaintiff-Appellant:                    P. Stephen Lamont, *pro se*, Rye, NY


For Defendants-Appellees:                   Caroline B. Lineen, Lewis R. Silverman,
                                            Silverman & Associates, White Plains, New York,
                                            *for Defendants-Appellees Ann Edwards and Rye
                                            City School District*

                                            James Castro-Blanco, Chief Deputy County
                                            Attorney, and Thomas G. Gardiner, Senior
                                            Assistant County Attorney, for Robert F. Meehan,
                                            Westchester County Attorney, White Plains, New
                                            York, *for Defendants-Appellees Ramonita Reyes,
                                            Marsha Brown-Mitchell, Leslie Farucci, County of
                                            Westchester, Frank Vivola, Noreen Rothman, and
                                            Anneliese Bonforte*

Appeal from an order of the United States District Court for the Southern District of New

York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED** that the order of the district court is **AFFIRMED**.

Appellant P. Stephen Lamont ("Lamont"), proceeding *pro se*, appeals from the dismissal

of his action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with multiple

district court orders directing that he, *inter alia*, refrain from email communications with parties to

the case, their counsel, or their affiliates without permission.[1]   We assume the parties' familiarity

with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's dismissal under Rule 41(b) for abuse of discretion.   *See Lewis*

*v. Rawson,* 564 F.3d 569, 575 (2d Cir. 2009).   While our review is deferential, we are mindful that

a Rule 41(b) dismissal is "a harsh remedy to be utilized only in extreme situations," *Jackson v. City*

---

[1] While the district court never explicitly indicated it was dismissing the action pursuant to Rule
41(b), on appeal the parties agree that this was the basis for dismissal.

2

*of New York*, 22 F.3d 71, 75 (2d Cir. 1994) (quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)), particularly when the offending party is a *pro se* litigant, *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with the[] [federal] rules [of civil procedure] or a court order." We consider five factors "in light of the record as a whole" when reviewing a Rule 41(b) dismissal for failure to comply: "(1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Spencer v. Doe*, 139 F.3d 107, 112–13 (2d Cir. 1998). No single factor is dispositive. *See U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

As a threshold matter, we do not have jurisdiction to review the district court's contempt and show cause order, with which Lamont takes issue in his principal brief on appeal. That order is interlocutory because it did not "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Although interlocutory orders typically "merge with the judgment for purposes of appellate review," no such merger occurs when an action is dismissed pursuant to Rule 41(b). *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 192 (2d Cir. 1999).

3

We conclude that the district court did not abuse its discretion in dismissing Lamont's complaint for failure to comply with multiple district court orders pursuant to Rule 41(b) because the first, second, and fifth *Spencer* factors strongly favor dismissal.[2] Lamont engaged in a persistent, six-month email campaign following the district court's first order on the matter despite repeated warnings; the district court warned Lamont on multiple occasions that ongoing non-compliance with its orders could result in dismissal; and lesser sanctions, namely monetary penalties, were imposed before the action was dismissed. Although the third and fourth *Spencer* factors—prejudice to the defendants and docket management—do not favor dismissal as strongly as the other factors, we nonetheless conclude that, "in light of the record as a whole," *Spencer*, 139 F.3d at 112, dismissal was not an abuse of discretion here.

We have considered all of Lamont's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] In light of this determination, the motion of Defendants-Appellees Gregory A. Salent and Julie Y. Low for an extension of time to file their briefs is denied as moot.