23-437-cv
*Marquez v. Silver*

# In the
# United States Court of Appeals
## FOR THE SECOND CIRCUIT

---

AUGUST TERM 2023
No. 23-437-cv

**ALEXIS MARQUEZ,**
*Plaintiff-Appellant,*

v.

**GEORGE SILVER, INDIVIDUALLY, LAWRENCE MARKS, INDIVIDUALLY, JOHN MCCONNELL, INDIVIDUALLY, LAUREN DESOLE, INDIVIDUALLY, LISA EVANS, INDIVIDUALLY,**
*Defendants-Appellees.*\*

---

On Appeal from the United States District Court
for the Southern District of New York

---

ARGUED: MARCH 5, 2024
DECIDED: MARCH 27, 2024

---

Before:     WALKER, NARDINI, and MENASHI, *Circuit Judges.*

We dismiss this appeal for lack of jurisdiction. The merger rule, pursuant to which an interlocutory order merges into the final

---

\* The Clerk of Court is directed to amend the caption as set forth above.

judgment, does not apply when a district court enters a dismissal as a sanction. If the plaintiff succeeds in challenging the sanction dismissal, then the merger rule would apply to any final judgment on the merits that results from further proceedings.

———————

ALEXIS MARQUEZ, pro se, *for Plaintiff-Appellant*.

ANTHONY R. RADUAZO, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Judith N. Vale, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, *for Defendants-Appellees*.

———————

MENASHI, *Circuit Judge*:

Plaintiff-Appellant Alexis Marquez, an attorney proceeding pro se, alleged that an Acting New York State Supreme Court Justice harassed her and subjected her to inappropriate behavior during her service as his court attorney. When she reported the misconduct, court officers allegedly defamed her and retaliated against her. On appeal, Marquez challenges two interlocutory rulings that dismissed the complaint as to one defendant and denied reconsideration. The district court, however, entered a final judgment of dismissal as a sanction for Marquez's failure to comply with discovery orders. Marquez does not challenge the sanction dismissal in this appeal.

We lack jurisdiction to consider Marquez's challenge to the interlocutory orders because it is not an appeal from a "final decision[] of the district court[]." 28 U.S.C. § 1291. The merger rule, pursuant to which an interlocutory order merges into the final judgment, does not apply when a district court enters a final

judgment of dismissal as a sanction. If Marquez succeeds in challenging the sanction dismissal and restoring the proceedings in the district court, then she will be able to challenge the interlocutory orders as part of any appeal from a final judgment on the merits. At this stage, however, we dismiss the appeal without prejudice for lack of jurisdiction.

## BACKGROUND

In the course of this litigation, the district court granted in part and denied in part a motion to dismiss the operative amended complaint. The district court allowed some claims to proceed. But the district court dismissed Marquez's Title VII claims against the State of New York because the district court determined that Marquez had "not adequately pleaded that New York State is her employer." *Marquez v. Hoffman*, No. 18-CV-7315, 2021 WL 1226981, at *11 (S.D.N.Y. Mar. 31, 2021). The district court declined to permit further amendment of the complaint because Marquez had "already been permitted to amend her pleadings" and because the proposed amendment "would not be sufficient to establish an employment relationship" and so "would be futile." *Id.* at *12. Marquez moved for reconsideration and again sought leave to amend, which the district court denied. *See Marquez v. Hoffman*, No. 18-CV-7315, 2021 WL 6133972, at *1 (S.D.N.Y. Dec. 29, 2021).

The litigation proceeded with respect to Marquez's remaining claims until the district court entered a final judgment dismissing the case in February 2023. That dismissal, however, did not involve a final decision on the merits. Instead, the presiding magistrate judge recommended dismissing the case as a sanction under Federal Rules of Civil Procedure 16(f), 37(b), and 41(b) because Marquez had purportedly failed to comply with discovery obligations and related

3

orders. *See Marquez v. Hoffman*, No. 18-CV-7315, 2022 WL 4076016 (S.D.N.Y. Sept. 6, 2022). Marquez did not timely object to the recommendation, despite receiving extensions of time to do so. The district court reviewed the recommendation for clear error, found none, and dismissed the case as a sanction. *See Marquez v. Silver*, No. 18-CV-7315, 2023 WL 2088522 (S.D.N.Y. Feb. 17, 2023), *reconsideration denied*, No. 18-CV-07315, 2024 WL 1056285 (S.D.N.Y. Mar. 4, 2024).

Marquez then filed this appeal. In her appellate brief, Marquez sought review of only the interlocutory orders that dismissed New York State as a defendant and denied reconsideration. The defendants defended those interlocutory orders on the merits.

In every appeal, however, "the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)). Accordingly, we directed the parties to address in supplemental briefing whether we have appellate jurisdiction to review the interlocutory orders that Marquez challenges here. *See* Order, *Marquez v. Silver*, No. 23-437 (2d Cir. Jan. 23, 2024), ECF No. 54. The defendants now contend that this appeal must be dismissed for lack of appellate jurisdiction.

While this appeal was pending, Marquez filed a motion before the district court pursuant to Federal Rule of Civil Procedure 60(b) seeking reconsideration of the order dismissing her case as a sanction. Because there was a pending appeal, she sought an indicative ruling on her Rule 60(b) motion pursuant to Federal Rule of Civil Procedure 62.1. The district court entered an indicative ruling stating that it

4

"would not grant the motion for reconsideration." Opinion and Order at 3, *Marquez v. Silver*, No. 18-CV-7315 (S.D.N.Y. Mar. 4, 2024), ECF No. 462. The district court explained that "[b]y failing to timely object under Federal Rule of Civil Procedure 72, the plaintiff waived objections to the magistrate judge's report and recommendation" and, "[i]n any event, the plaintiff's arguments are without merit" because "[t]here is no error in the magistrate judge's well-reasoned opinion." *Id*. Marquez has separately appealed that ruling, which is not before us.

## DISCUSSION

We lack appellate jurisdiction to consider Marquez's challenge to the interlocutory orders and therefore must dismiss this appeal. "The final judgment rule, embodied in 28 U.S.C. § 1291, requires 'that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits.'" *In re "Agent Orange" Prod. Liab. Litig.*, 745 F.2d 161, 163 (2d Cir. 1984) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)). Once a final judgment has been entered, interlocutory orders "typically merge with the [final] judgment for purposes of appellate review." *Amara v. Cigna Corp.*, 53 F.4th 241, 248 (2d Cir. 2022) (quoting *Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d. Cir. 2007)). In this way, "a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994)).

Interlocutory orders do not merge, however, when a final judgment of dismissal is imposed as a sanction for litigation misconduct, such as a failure to prosecute. We have explained that "if

5

a litigant could refuse to proceed whenever a trial judge ruled against him, wait for the court to enter a dismissal for failure to prosecute, and then obtain review of the judge's interlocutory decision, the policy against piecemeal litigation and review would be severely weakened. This procedural technique would in effect provide a means to avoid the finality rule embodied in 28 U.S.C. § 1291." *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 192 (2d Cir. 1999) (alterations omitted) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 139 (2d Cir. 1996)). When an interlocutory order "does not merge with the final judgment," we "lack jurisdiction" to consider an appeal that challenges it. *Id.* at 193.[1]

## I

In the circumstances of this case, the challenged interlocutory orders do not merge into the final judgment. The district court dismissed the lawsuit as a sanction for Marquez's purported noncompliance with discovery obligations and court orders. Entertaining an appeal of the district court's earlier interlocutory orders would not only allow Marquez to evade the judgment of the sanction dismissal—which at this point has not been successfully challenged—but would also involve this court in the adjudication of issues that may have no effect on the ultimate disposition of this case.

---

[1] The federal appellate courts generally "apply the merger doctrine differently when the appealed final judgment is an involuntary dismissal as a sanction for [the] plaintiff's failure to prosecute or failure to comply with court orders, typically declining to address interlocutory rulings," but "their reasoning varies. Some courts hold it is a matter of jurisdiction; others, a matter of discretion; and some are unclear." *Edge v. TLW Energy Servs., LLC*, No. 22-50288, 2023 WL 3267847, at *4 (5th Cir. May 5, 2023) (citing cases). Our court has held that we lack jurisdiction under these circumstances. *See Shannon*, 186 F.3d at 193.

If the proper ultimate disposition of this case is dismissal of the lawsuit as a sanction, then the earlier decisions of the district court regarding interlocutory matters are immaterial. *Cf. Abele v. Markle*, 452 F.2d 1121, 1124 (2d Cir. 1971) (explaining that "the persons seeking relief" must have "a sufficient personal stake in the outcome to assure that the court will be called upon to resolve real issues between genuine adversaries rather than merely to give advisory opinions with respect to abstract or theoretical questions"). We conclude that interlocutory orders do not merge into a final judgment of a sanction dismissal and that we lack appellate jurisdiction to entertain a challenge to the interlocutory orders unless and until there is a final judgment on the merits.

Our published opinions have applied this rule to dismissals as a sanction for failure to prosecute, but in summary orders we have applied the same rule to dismissals as a sanction for noncompliance with discovery orders. *See, e.g.*, *Pimentel v. Delta Air Lines, Inc.*, 818 F. App'x 100, 102 (2d Cir. 2020); *Lamont v. Edwards*, 690 F. App'x 61, 62-63 (2d Cir. 2017). We follow that approach here.

In her supplemental brief, Marquez argues that the rule should be different because a discovery sanction, unlike a sanction for failure to prosecute, does not necessarily suggest that the sanctioned litigant is engaging in strategic behavior to avoid the final judgment rule. We disagree. A sanction for failure to prosecute does not necessarily suggest that the litigant is engaging in strategic behavior either. But the risk of strategic behavior—and of involving the appellate court in abstract controversies—is the same with respect to both types of sanction dismissals.

Marquez also contends that her appeal should proceed because she has challenged the sanction dismissal in her Rule 60(b) motion

before the district court. But an interlocutory order does not merge into the final judgment of a sanction dismissal regardless of whether the appellant has challenged the dismissal. *See Shannon*, 186 F.3d at 193 (considering the appellant's challenge to the judgment of dismissal for failure to prosecute). Even if Marquez had *successfully* challenged the sanction dismissal, there still would not be a final judgment on the merits into which the interlocutory orders would merge. It is the lack of a final judgment on the merits—rather than the lack of a challenge to the sanction dismissal—that precludes the exercise of appellate jurisdiction.

## II

Although we lack appellate jurisdiction to review the interlocutory orders at this stage, Marquez "may seek appellate review of those rulings" if and when "the district court enters an eventual final judgment" on the merits. *Baptiste v. Sommers*, 768 F.3d 212, 219 n.2 (2d Cir. 2014). If Marquez succeeds in challenging the sanction dismissal—either before the district court or on appeal—and the litigation continues in the district court, she will be able to seek review of the interlocutory orders as part of an appeal from an eventual final judgment on the merits.[2] In that way, she may obtain "a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated." *Quackenbush*, 517 U.S. at 712 (quoting *Digital Equip. Corp.*, 511 U.S. at 868).

---

[2] The defendants acknowledge that Marquez would be able to obtain review of the interlocutory orders under such circumstances. *See* Oral Argument Audio Recording at 25:13.

**CONCLUSION**

We dismiss the appeal without prejudice for lack of appellate jurisdiction.