23-7753-cv
*Kamdem-Ouaffo v. Baker Botts LLP*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of December, two thousand twenty-four.

PRESENT:
> RICHARD C. WESLEY,
> STEVEN J. MENASHI,
> *Circuit Judges.*[*]

_____

Ricky Kamdem-Ouaffo,

> *Plaintiff-Appellant,*

> v.                                                          23-7753

Baker Botts LLP, Richard B. Harper, Robert Lawrence Mairer, Jennifer

---

[*] Judge José A. Cabranes, originally a member of the panel, recused from this appeal. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458-59 (2d Cir. 1998).

Cozeolino Tempesta, Borrelli & Associates PLLC, London Fischer LLP, Philip A. Kahn, Michael Borrelli, Anthony P. Malecki, Dolores M. Almedia, Brian P.S. McCabe, Robert A. Bruno, Settlements Systems Inc., TD Bank N.A., Robert Lougy, Clerk of the Superior Court of New Jersey, Armando B. Fontoura, Fein, Such, Kahn & Shepard P.C., Hearing Officer "J," Luboja and Thau LLP, PepsiCo Inc., John G. Luboja, Richard M. Hunter, Peter Given, Law Office of Jonathan C. Thau LLP, London Fischer LLP, Aida Costello, ABC Corporation (1-10), Jane Doe, Najie Zhang, Jonathan C. Thau, John Doe, Nassau County Clerk, Supreme Court of New York,

*Defendants-Appellees*,

Nassau County Clerk, Supreme Court of New York,

*Defendant.**

———————————————————

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Ricky Kamdem-Ouaffo, *pro se*, New Brunswick, NJ. |
| **FOR DEFENDANTS-APPELLEES MICHAEL J. BORRELLI, ANTHONY** | Jeffrey S. Leonard, Lewis Brisbois Bisgaard & Smith LLP, |

---

\* The Clerk of Court is directed to amend the caption as set forth above.

2

P. MALECKI, & BORRELLI &              Newark, NJ.
ASSOCIATES, PLLC:

FOR DEFENDANT-APPELLEE              Thomas A. Leghorn, London
LONDON FISCHER LLP:                 Fischer LLP, New York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Ricky Kamdem-Ouaffo, proceeding *pro se*, sued several attorneys, law firms, court staff, judges, and alleged debt collectors in relation to four prior lawsuits: (1) a 2010 case he filed against PepsiCo in the New York State Supreme Court, Westchester County; (2) a 2014 case filed in the United States District Court for the Southern District of New York, also against PepsiCo; (3) a 2021 case filed against him in Nassau County by his former attorneys, which resulted in levies and wage garnishments; and (4) debt collection efforts by those attorneys in New Jersey in 2022. He attacked the judgments in the 2010 Westchester case and the 2014 federal case as products of fraud on the court under Federal Rule of Civil Procedure 60(d) and raised claims under the Fair Debt

3

Collection Practices Act, 42 U.S.C. § 1983, and state law.

The district court dismissed both Kamdem-Ouaffo's initial complaint and his amended complaint on its own initiative and without a motion from the defendants. The district court concluded that Kamdem-Ouaffo failed to establish that he was entitled to relief under Rule 60(d), that venue was improper with respect to his claims arising out of the debt collection activity, and that the *Rooker-Feldman* doctrine barred his request for vacatur of the 2010 Westchester judgment. The district court also declined to exercise supplemental jurisdiction over the remaining state law claims. *See Kamdem-Ouaffo v. Baker Botts, LLP*, No. 23-CV-2008, 2023 WL 3818543 (S.D.N.Y. June 5, 2023); *Kamdem-Ouaffo v. Baker Botts, LLP*, No. 23-CV-2008, 2023 WL 5803709 (S.D.N.Y. Sept. 7, 2023). Kamdem-Ouaffo appealed. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.[2]

---

[2] Although the parties have not challenged our jurisdiction to review the judgment, we are required to reach the issue ourselves, even when not disputed. *Marquez v. Silver*, 96 F.4th 579, 582 (2d Cir. 2024). Upon due consideration, we are satisfied that we have appellate jurisdiction. Even though the notice of appeal was filed more than thirty days after the entry of both the original dismissal order and the order denying the initial post-judgment motion, the district court did not enter a separate judgment as required by Federal Rule of Civil Procedure 58(a), deferring the commencement of the thirty-day appellate period by 150 days. *See* Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(7)(A)(ii).

We review the district court's dismissal of the complaint in this case *de novo*—that is, we fully re-examine the allegations and claims in the complaint. *J.S. v. T'Kach*, 714 F.3d 99, 103 (2d Cir. 2013). In reviewing such a dismissal, we accept the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor. *Harnage v. Lightner*, 916 F.3d 138, 140-41 (2d Cir. 2019). Because Kamdem-Ouaffo is proceeding *pro se*, we construe his filings to raise the strongest claims they suggest. *J.S.*, 714 F.3d at 103.

## I

To the extent that Kamdem-Ouaffo directly seeks review of the 2010 Westchester judgment, our prior cases dealing with similar circumstances bar his claim. "[U]nder what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments" because 28 U.S.C. § 1257 vests federal appellate jurisdiction over state judgments exclusively in the United States Supreme Court. *Lance v. Dennis*, 546 U.S. 459, 463 (2006). We have explained that an action is barred under *Rooker-Feldman* only if "(1) the federal-court plaintiff lost in state court; (2) the plaintiff

As a result, the notice of appeal was timely filed in relation to the original dismissal order, even without any tolling effect from the post-judgment motions.

complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Hunter v. McMahon*, 75 F.4th 62, 68 (2d Cir. 2023) (quoting *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014)).

These factors are satisfied here. First, Kamdem-Ouaffo lost in the Westchester action. Second, he complains, at least in part, of injuries arising from the judgment. Third, he specifically requested a court order vacating the original and subsequent state decisions. Fourth, the state court judgment was rendered long before the federal court proceedings commenced. Thus, the district court properly concluded that *Rooker-Feldman* barred Kamdem-Ouaffo's request for vacatur of the 2010 Westchester judgment to the extent that the request invited review of the state court judgment.

To the extent that Kamdem-Ouaffo's claims relating to the 2010 Westchester decision did not invite such review, the district court properly concluded that those claims failed on the merits. Kamden-Ouaffo did not state a claim for violation of New York Judiciary Law § 487 because he did not plead the type of intentional deception that would establish a violation of § 487. He did not plead

6

his claim for fraud on the court with the required level of particularity. And he did not state a claim for conspiracy and breach of fiduciary duty because he did not allege facts plausibly suggesting the existence of a conspiracy or that any defendant owed him a fiduciary duty and breached it.

**II**

Kamdem-Ouaffo's argument that he was entitled to relief from the 2014 Southern District of New York decision under Federal Rule of Civil Procedure 60(d) also fails. As we recently clarified, we review the dismissal of an independent action brought under Rule 60(d) for abuse of discretion. *Marco Destin, Inc. v. Levy*, 111 F.4th 214, 218 (2d Cir. 2024). An independent action is "available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998).

The district court did not abuse its discretion in concluding that the allegations here fell short of this standard. *See Kamdem-Ouaffo*, 2023 WL 3818543, at *2-3. Kamdem-Ouaffo argues that the Baker Botts lawyers representing PepsiCo in the 2014 Southern District of New York case must have known that the state court in the 2010 Westchester case was fraudulently deceived. In particular, Kamdem-Ouaffo alleges that when the Baker Botts lawyers relied on findings

7

made in the Westchester case to have the 2014 Southern District of New York case dismissed, those lawyers must have known that PepsiCo advanced a contradictory position with respect to the facts. We agree with the district court that this claim is ultimately conclusory. PepsiCo's purportedly contradictory position taken in 2018 in a different litigation does not plausibly suggest the existence of fraud in Kamdem-Ouaffo's litigation occurring many years earlier. Moreover, Kamdem-Ouaffo has not asserted that he was prevented from fully and fairly presenting his case in the Southern District of New York in 2014. *See Mazzei v. The Money Store*, 62 F.4th 88, 94 (2d Cir. 2023).

### III

The district court did not improperly dismiss the claim under New York Judiciary Law § 487. We review a district court's decision to decline supplemental jurisdiction over state-law claims for abuse of discretion. *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014). As a general matter, a district court does not abuse its discretion by declining supplemental jurisdiction if it has dismissed all federal claims before trial. *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004).

Here, the district court dismissed all of the federal claims over which it had original jurisdiction, and Kamdem-Ouaffo has not demonstrated that the substantial expenditure of time, effort, or money weighed in favor of exercising jurisdiction. *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994). Accordingly, the district court acted within its discretion.

\*     \*     \*

We have considered Kamdem-Ouaffo's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9