*Mezu-Ndubuisi v. Univ. of Rochester*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand twenty-six.

PRESENT:

> PIERRE N. LEVAL,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

_____

OLACHI MEZU-NDUBUISI,

> *Plaintiff-Appellant*,

v.                                                                                        No. 25-139

UNIVERSITY OF ROCHESTER, GOLISANO CHILDREN'S HOSPITAL, DR. MICHAEL APOSTOLAKOS, in his personal capacity and as Chief Medical Office of University of

Rochester, DR. JILL HALTERMANN, in her personal Capacity and as Chair of the Department of Pediatrics, University of Rochester, DR. CARL D'ANGIO, in his personal capacity and as Chair of the Division of Neonatology, Department of Pediatrics, University of Rochester, UNIVERSITY OF ROCHESTER MEDICAL CENTER,

*Defendants-Appellees*.

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | BRUCE FEIN (Valerie Ibe, Law Offices of C. Valerie Ibe, Inc., Canoga Park, CA, *on the brief*), Law Offices of Bruce Fein, Washington, D.C. |
| **For Defendants-Appellees:** | THOMAS S. D'ANTONIO (Claire E. Wells, *on the brief*), Hodgson Russ LLP, Rochester, NY. |

Appeal from an order of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal of the January 6, 2025 order of the district court is **DISMISSED** in part for lack of jurisdiction and **AFFIRMED** in part.

Dr. Olachi Mezu-Ndubuisi appeals from an order of the district court that: (1) denied her motion for a preliminary injunction in her pending suit for

2

employment discrimination and retaliation against the university and hospital where she currently works and the doctors who supervise her; and (2) stayed further proceedings in the case.[1] Mezu-Ndubuisi's motion principally sought an injunction to restore her clinical role in the hospital's neonatal intensive care unit ("NICU") and to prevent Defendants from terminating her clinical privileges based on her loss of that role. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I. Appellate Jurisdiction

Before addressing the merits of Mezu-Ndubuisi's appeal, we must resolve a threshold issue of appellate jurisdiction. *See Marquez v. Silver*, 96 F.4th 579, 582 (2d Cir. 2024) ("In every appeal, . . . 'the first and fundamental question is that of jurisdiction . . . .'" (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998))). Specifically, Defendants assert that we lack appellate jurisdiction to consider whether the district court properly invoked the doctrine of primary jurisdiction in staying the case.

---

[1] The district court also denied as moot a related motion for a temporary restraining order that Mezu-Ndubuisi had filed. Because Mezu-Ndubuisi did not develop any challenge to that determination in her opening brief on appeal, we do not address this motion further. *See Palin v. N.Y. Times Co.*, 113 F.4th 245, 279 (2d Cir. 2024) ("It is a settled appellate rule that issues unaccompanied by some effort at developed argumentation[] are deemed forfeited." (alteration adopted and internal quotation marks omitted)).

The doctrine of primary jurisdiction allows a district court to stay an action pending an administrative agency's resolution of factual issues underlying the plaintiff's claims where doing so "would promote the resolution of technical questions of fact[] through the agency's specialized expertise" or "would promote consistency and uniformity." *Tassy v. Brunswick Hosp. Ctr., Inc.*, 296 F.3d 65, 69 (2d Cir. 2002) (internal quotation marks omitted). The district court held that it was appropriate to stay proceedings in deference to the New York State Public Health and Health Planning Council ("PHHPC"), a state agency whose "technical expertise" in reviewing the medical basis for terminations of clinical privileges "would materially aid the [district court] in deciding [Mezu-Ndubuisi's] claims." Sp. App'x at 36.

Of course, we have jurisdiction to review the district court's denial of Mezu-Ndubuisi's preliminary injunction motion under 28 U.S.C. § 1292(a)(1). But "when a federal appellate court reviews an order that is entitled to interlocutory review, the court may not at that time also review unrelated questions that are not themselves independently entitled to expedited consideration." *Merritt v. Shuttle, Inc.*, 187 F.3d 263, 268 (2d Cir. 1999) (citing *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 51 (1995)). And here, Mezu-Ndubuisi does not contend that the

4

district court's decision to stay proceedings is independently appealable as a "final decision[]" under 28 U.S.C. § 1291 or subject to immediate appeal under a statutory grant of interlocutory appellate jurisdiction.

Instead, Mezu-Ndubuisi seeks to bootstrap review of the district court's stay order through our review of the court's denial of her injunction motion, relying on "the doctrine of pendent appellate jurisdiction." Reply Br. at 7. But the district court's decision to stay the case is not "inextricably intertwined" with its decision to deny her preliminary-injunction motion, and review of the stay decision is not "necessary to ensure meaningful review of" the court's refusal to award preliminary relief. *Merritt*, 187 F.3d at 268 (internal quotation marks omitted). The district court's analysis of Mezu-Ndubuisi's injunction motion turned primarily on whether she had shown irreparable harm and a likelihood of success on the merits, whereas the district court's decision to stay proceedings turned on the PHHPC's expertise in considering whether the asserted medical reasons underlying Mezu-Ndubuisi's loss of clinical privileges were legitimate. And if we were to agree with Mezu-Ndubuisi that the district court erred in denying her requested injunction, nothing would prevent the district court from lifting the stay

5

of the case in order to conduct further proceedings relating to the injunction motion on remand.

For these reasons, we agree with Defendants that we lack jurisdiction to consider the district court's decision to stay the case. *See Mancuso v. N.Y. State Thruway Auth.*, 86 F.3d 289, 292 (2d Cir. 1996) ("[P]endent appellate jurisdiction should be exercised sparingly, if ever, by the courts of appeals.").

## II. Merits

The sole issue properly before us on the merits is whether the district court abused its discretion in denying Mezu-Ndubuisi's motion for a preliminary injunction. Mezu-Ndubuisi contends that the district court erred in determining (1) that she failed to demonstrate both irreparable harm and a likelihood of success on the merits and (2) that the balance of the equities and public interest favored an injunction. Because we agree with the district court that Mezu-Ndubuisi failed to make an adequate showing of irreparable harm, we affirm the denial of her motion.[2]

---

[2] The district court alternatively held that Mezu-Ndubuisi's claims were constitutionally unripe because (1) at the time the district court rendered its decision, her clinical privileges remained intact pending the outcome of Defendants' internal proceedings, and (2) Mezu-Ndubuisi had not pursued an administrative complaint with the PHHPC. But Mezu-Ndubuisi's "actual loss" of her clinical role in the NICU inflicted a distinct injury under Article III. *Motorola Credit Corp. v. Uzan*, 322 F.3d 130, 136 (2d Cir. 2003) (internal quotation marks omitted). And Defendants'

6

As the district court recognized, irreparable harm "is the single most important prerequisite for the issuance of a preliminary injunction" and "must therefore be satisfied before the other requirements for an injunction can be considered." *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 80 (2d Cir. 2024) (internal quotation marks omitted).[3] To establish irreparable harm, the party seeking relief "must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." *Id.* (internal quotation marks omitted).

Here, Mezu-Ndubuisi's prediction that the loss of her clinical privileges and role in the NICU will "end [her] career as a clinician-scientist," Mezu-Ndubuisi Br. at 19, is too speculative to justify preliminary relief. And Mezu-Ndubuisi's

---

internal proceedings to revoke Mezu-Ndubuisi's clinical privileges are simply one of the downstream consequences of her loss of that role. Nothing in Article III, moreover, requires a plaintiff who has otherwise suffered a redressable injury in fact to exhaust state administrative remedies before suing in federal court. We also note that at oral argument, counsel for both sides represented that as of October 6, 2025, Mezu-Ndubuisi's clinical privileges have been terminated. Thus, Mezu-Ndubuisi's claims present a ripe case or controversy under Article III.

[3] The district court stated that "Mezu-Ndubuisi seeks to alter the status quo by asking the Court to reinstate her medical privileges." Sp. App'x at 23. The district court therefore suggested that the "heightened" standard for mandatory injunctions applied to her motion, rather than the more forgiving standard applicable to requests for prohibitory injunctions. *Id.* Since we agree with the district court that Mezu-Ndubuisi does not satisfy the requirements for a preliminary injunction under either standard, we need not decide which one applies here.

7

remaining assertions of irreparable injury – including the loss of professional standing and reputational harm – are precisely the sort of "adverse employment consequences" that are insufficient to justify preliminary relief in this context. *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 294 (2d Cir. 2021).

Mezu-Ndubuisi suggests that "damages would be complex or difficult to measure" given "her complex roles as a clinician-scientist with clinical, laboratory, and global health responsibilities," and that the district court was therefore required to hold an evidentiary hearing to assess her other forms of irreparable harm. Mezu-Ndubuisi Br. at 19. But despite having had ample opportunity to do so, Mezu-Ndubuisi has identified no evidence indicating that those factors would render a damages calculation so uncertain or difficult as to make her injuries irreparable. And an evidentiary hearing is not required where, as here, "the relevant facts either are not in dispute or have been clearly demonstrated at prior stages of the case" or where "the disputed facts are amenable to complete resolution on a paper record." *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998).

We also reject Mezu-Ndubuisi's contention that the circumstances of this case "establish[] irreparable harm *per se*." Mezu-Ndubuisi Br. at 21. Unlike in

8

*Holt v. Continental Group, Inc.*, which Mezu-Ndubuisi relies on, the circumstances of Mezu-Ndubuisi's removal from the NICU do not, at this early stage of the litigation, reflect a "distinct risk that other employees may be deterred from protecting their rights . . . or from providing testimony for the plaintiff in her effort to protect her own rights." 708 F.2d 87, 91 (2d Cir. 1983). In fact, *Holt* explicitly rejected "a presumption of irreparable injury in every action by a plaintiff alleging [retaliation]." *Id.* A plaintiff must instead show why the "consequences" of the adverse employment action would, "in the circumstances of [their] case," cause "irreparable damage." *Id.* At this relatively early stage of the litigation, Mezu-Ndubuisi has failed to make that showing.

Ultimately, there is no indication that traditional employment remedies (like reinstatement or monetary damages) following a resolution of this case on the merits would fail to redress Mezu-Ndubuisi's asserted injuries. We therefore perceive no abuse of discretion in the district court's denial of her preliminary-injunction motion.

\* \* \*

We have considered Mezu-Ndubuisi's remaining arguments and find them to be without merit. Accordingly, we **DISMISS** Mezu-Ndubuisi's appeal for lack

9

of jurisdiction to the extent that she seeks review of the district court's decision staying the case and **AFFIRM** the district court's order denying Mezu-Ndubuisi's motion for a preliminary injunction.   All pending motions and applications are **DENIED**.

<div style="margin-left: 45%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>