24-2838 (L)
*Curry-Malcolm v. Rochester City Sch. Dist.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand twenty-six.

PRESENT:

> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

BERNICE CURRY-MALCOLM,

> *Plaintiff-Appellant*,

v.                                                          24-2838 (Lead),
                                                            24-2873 (Con)

ROCHESTER CITY SCHOOL DISTRICT, BARBARA DEANE-WILLIAMS, Superintendent of Schools, individually and collectively,

TIMOTHY CLIBY, President and Individually, JOHN ROWE, Vice President and individually, ASSOCIATION OF SUPERVISORS AND ADMINISTRATORS OF ROCHESTER, (ASAR),

*Defendants-Appellees.*

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | Bernice Curry-Malcolm, *Pro Se*, West Henrietta, NY. |
| **For Defendants-Appellees Rochester City School District and Barbara Deane-Williams:** | Ryan J. McDonald, Rochester City School District, Rochester, NY. |
| **For Defendants-Appellees Timothy Cliby, John Rowe, and Association of Supervisors and Administrators of Rochester (ASAR):** | Brian Deinhart, Arthur Scheuermann, Tyler Rexhouse, School Administrators Association of New York State, Latham, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 11, 2024 judgment of the district court is **AFFIRMED**, and that the remainder of the appeal is **DISMISSED.**

Bernice Curry-Malcolm, proceeding *pro se*, appeals from the district court's dismissal of her claims against her former employer, the Rochester City School

2

District ("RCSD"). Curry-Malcolm alleges that RCSD unlawfully retaliated against her on the basis of her age and race, in violation of Title VII, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA").[1] The district court dismissed all of Curry-Malcolm's claims in three separate orders, which respectively concluded that (i) *res judicata* barred certain claims, (ii) Curry-Malcolm failed to state a claim with respect to others, and (iii) she failed to prosecute her remaining claims. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, to which we refer only as needed to explain our decision.

"In every appeal . . . 'the first and fundamental question is that of jurisdiction.'" *Marquez v. Silver*, 96 F.4th 579, 582 (2d Cir. 2024) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). Here, Curry-Malcolm "challenges not only the district court's final judgment dismissing [her] action for failure to prosecute, but also its interlocutory order[s]" partially dismissing her claims on *res judicata* and failure-to-state-a-claim grounds. *Shannon v. Gen. Elec.*

---

[1] Curry-Malcolm's opening brief also advances several other claims and arguments that we have previously rejected. *See Curry-Malcolm v. Rochester City Sch. Dist.*, No. 21-2683, 2023 WL 3698213, at *4 (2d Cir. May 30, 2023) (affirming dismissal of all of Curry-Malcolm's claims except for her Title VII and ADEA claims against RCSD). We will not revisit those issues now. *See Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) ("The law of the case doctrine . . . counsels a court against revisiting its prior rulings in subsequent stages of the same case.").

3

*Co.*, 186 F.3d 186, 191 (2d Cir. 1999). Because our "finality rule" generally prevents parties from "appeal[ing] . . . [such] interlocutory decisions," we must begin by "determin[ing] whether the district court's interlocutory order[s] [are] appealable under the circumstances of this case." *Id.* at 191–92. They are not.

"Once a final judgment has been entered, interlocutory orders typically merge with the final judgment for purposes of appellate review." *Marquez*, 96 F.4th at 582 (alteration adopted and internal quotation marks omitted). Interlocutory orders "do *not* merge, however, when a final judgment of dismissal is imposed as a sanction for . . . failure to prosecute." *Id.* at 582–83 (emphasis added). Because we "lack jurisdiction to consider . . . arguments challenging" interlocutory orders when we are reviewing "a final judgment dismissing an action for failure to prosecute" under Rule 41(b), *Shannon*, 186 F.3d at 192–93, and because it is undisputed that the district court dismissed Curry-Malcolm's action "for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)," Sp. App'x at 6, we have no choice but to dismiss Curry-Malcolm's appeal as to the district court's prior orders based on *res judicata* and failure to state a claim.

That leaves only Curry-Malcolm's appeal of the district court's dismissal of her action for failure to prosecute. "Rule 41(b) of the Federal Rules of Civil

4

Procedure authorizes district courts to dismiss an action 'if the plaintiff fails to prosecute or to comply with the [R]ules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations adopted) (quoting Fed. R. Civ. P. 41(b)). In evaluating such dismissals, we consider "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay[,] (4) . . . the court's interest in managing its docket [balanced against] the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Id.* (internal quotation marks omitted). No factor is dispositive, and we review Rule 41(b) dismissals "for an abuse of discretion in light of the record as a whole." *Id.*

The record here amply supported the district court's order. *First*, the district court noted Curry-Malcolm's "repeated failure" – over the course of six months – "to appear for [multiple] scheduled conferences, without explanation or notice to the Court." Sp. App'x at 2. *Second*, the district court explained that Curry-Malcolm received more-than-adequate notice: the magistrate judge (i) cautioned Curry-Malcolm "in boldface" that she might face dismissal if she continued to

5

flout the court's orders, and (ii) issued two separate orders to show cause, the second of which expressly warned Curry-Malcolm that she would have "one final opportunity to comply" with scheduling orders. *Id.* at 3 (internal quotation marks omitted). *Third*, "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993). *Fourth*, Curry-Malcolm's "entrenched pattern" of ignoring "the Court's explicit warnings" shows that she deliberately wasted judicial resources and surrendered her right to be heard. Sp. App'x at 5. *Fifth,* and finally, the district court and the magistrate judge clearly considered "lesser sanction[s]" before dismissal: as the district court explained, "the magistrate judge was if anything indulgent toward[s] [Curry-Malcolm], . . . willing to overlook her unexcused, unexplained non-appearances, and to give her second (and third) chances." *Id.* Given these circumstances, we cannot conclude that the district court abused its discretion in dismissing this case.

\* \* \*

We have considered Curry-Malcolm's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court.

6